IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KIMBERLY K. CARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11-0986-DGK-SSA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER REMANDING CASE FOR FURTHER PROCEEDINGS

Plaintiff Kimberly Card seeks judicial review of the Commissioner of Social Security's denial of her application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et. seq.*, and her application for supplemental security income (SSI) based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381 *et. seq.* Card has exhausted all of her administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). Now before the Court are Plaintiff's Brief (Doc. 7), Defendant's Brief (Doc. 12), and Plaintiff's Reply (Doc. 13).[1]

Card contends she is disabled because of carpal tunnel syndrome, an injured shoulder, low back pain, depression, and post traumatic stress disorder ("PTSD"). The Administrative Law Judge ("ALJ") denied Card's applications, finding that while she possessed several severe impairments, she retained the residual functional capacity to perform light work with restrictions.

---

[1] Also before the Court is Plaintiff's "Motion to Supplement Record to Include Subsequent ALJ Fully Favorable Decision" (Doc. 8) and Defendant's response (Doc. 9). Defendant has no objection to the Court considering the exhibit, a subsequent decision from the Commissioner awarding Plaintiff benefits as of August 7, 2010, but objects to any attempt to introduce any evidence referenced in the decision as new evidence in this case. Accordingly, the motion is granted, but no new evidence is admitted into the administrative record in this case.

Because it is unclear from the ALJ's decision if she considered whether Plaintiff's depression is a severe impairment, the Court REMANDS this case to the Commissioner for further proceedings consistent with this decision.

**Factual and Procedural Background**

A summary of the entire record is presented in the parties' briefs and is repeated here only to the extent necessary.

Card filed her applications for disability benefits and supplemental security income on October 15, 2008, alleging she became disabled as of September 1, 2007. The ALJ held a hearing on April 27, 2010. During her hearing, Plaintiff amended her disability onset date to April 18, 2010. R. at 36. The ALJ's decision, however, does not reflect the amendment. The decision reports an alleged onset date of September 1, 2007. On August 6, 2010, the ALJ issued a written decision holding Clark was not disabled as defined in the Act.

The ALJ found Card had the following severe impairments: carpal tunnel syndrome, status post shoulder injury, PTSD, and drug and alcohol abuse, but did not have an impairment or combination of impairments which rendered her disabled. The ALJ found she retained the residual functional capacity to perform light exertional work with a wide variety of physical and mental restrictions. R. at 18. The ALJ found that although her impairments would preclude her from performing her past relevant work, they would not prevent her from performing other work existing in significant numbers in the national economy. R. at 19-21.

On September 16, 2010, Card filed new applications alleging disability beginning August 7, 2010. On January 12, 2012, a different ALJ found Card had severe impairments of major depressive disorder, PTSD, bipolar disorder, cognitive disorder, and hepatitis C, and that these impairments rendered her disabled under the Act.

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's conclusion. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court may not reverse the Commissioner's decision as long as substantial evidence in the records supports this decision, even if substantial evidence in the record also supports a different result, or if the court might have decided the case differently were it the initial finder of fact. *Id.*

**Analysis**

Generally, a federal court's review of the Commissioner's decision to deny an application for benefits is restricted to determining whether the Commissioner's decision is consistent with the Act, the regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. In determining whether a claimant is disabled, the Commissioner follows a five-step evaluation process.[2]

---

[2] The five-step process is as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, he is not disabled; if not, the inquiry continues. At step two the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments. If so, and they meet the durational requirement of having lasted or being expected to last for a continuous 12-month period, the inquiry continues; if not, the applicant is considered not disabled. At step three the Commissioner considers whether the impairment is one of specific listing of impairments in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four the Commissioner considers if the applicant's residual functional capacity ("RFC") allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five the Commissioner considers whether, in light of the applicant's age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King*, 564 F.3d at 979 n.2.

3

Plaintiff contends the ALJ's decision is not supported by substantial evidence because (1) the Commissioner failed to show that there is other work in significant numbers that she could perform on a sustained basis; (2) the ALJ improperly evaluated the opinion evidence of record; (3) the ALJ erred by failing to find that Card's lower back pain and depression were severe impairments; and (4) the ALJ did not make specific findings as to the degree to which Card was impaired.

**A.      The Court does not consider Card's subsequent award of benefits in 2012 as a basis for remand or reversal.**

The Court's review of the ALJ's decision is limited to a consideration of the certified administrative record in this case. Thus, the fact that the Commissioner subsequently found Card to be disabled as of August 7, 2010 on a different administrative record is not relevant to the Court's review. Although some of the evidence supporting Card's subsequent application is also part of the record in this case, the Court has not considered the result of the subsequent application in deciding whether to reverse or remand here. The fact that the Commissioner later found Card disabled as of August 7, 2010, simply indicates that Card met the requirements for disability as of that date.

**B.      The ALJ erred in failing to discuss whether Plaintiff's depression was a severe impairment.**

Plaintiff contends the ALJ erred at step two in the evaluation process by failing to find that her depression is a severe impairment. An impairment is "non-severe" if it has no more than a minimal impact on an individual's physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1521(a). "Basic work activities" include mental capacities for understanding, carrying out, and remembering simple instructions, using judgment, responding appropriately to supervision, co-workers, and usual work situations, and dealing with changes in a routine work

4

setting. 20 C.F.R. § 404.1521(b)(1)-(6). Slight abnormalities that do not significantly limit a claimant's ability to work are not severe. *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). "It is the claimant's burden to establish that his impairment or combination of impairments are severe." *Id*. "Severity is not an onerous requirement for the claimant to meet, but it is also not a toothless standard." *Id*. at 708.

Plaintiff suggests that substantial evidence supports a finding that her depression is a severe impairment. In response, the Commissioner asserts "the ALJ properly considered the functional limitations stemming from Plaintiff's mental impairment, regardless of the specific diagnosis." Def.'s Br. at 15. The Commissioner also notes depression is seldom mentioned in Card's treatment records until 2009 and 2010.

The Court notes the evidence on the record could support a conclusion that Card's depression is a severe impairment. On October 24, 2008, Card reported during a psychiatric evaluation that she has felt "severely depressed" all of her life. R. at 432. The record also contains numerous references by treating and evaluating medical staff that she suffers from depression affecting her ability to work. R. at 438, 442, 472, 478, 490, 500, 524, 532, 538, 542, 544, 548, 553, 557, 561, 565, 568, 572, 606-09. Card's social worker, Wilma Bradshaw, LCSW, reported Card has a major depressive disorder, recurrent, severe without psychotic features. R. at 606. She also indicated that Card has a "markedly limited" ability to understand and remember detailed instructions, carry out detailed instructions, maintain attention for extended periods, be punctual within customary tolerances, and complete a normal workday. R. at 607-09. Card's treating physician, Dr. Julie Cahill, M.D., also wrote a brief note stating she is unemployable partly because of her depression. R. at 524. While this evidence comes largely from reports written in 2009 and 2010, it is still part of the record.

5
Case 4:11-cv-00986-DGK   Document 14   Filed 09/24/12   Page 5 of 7

This evidence, however, is not overwhelming and could be discounted. For example, although Ms. Bradshaw has a fairly long history of contact with Card, she is not a medical professional and is not qualified to make a diagnosis. Similarly, Dr. Cahill's note could be given little weight because it is literally one sentence written on a prescription pad.

What troubles the Court here, and why this case must be remanded, is that the ALJ did not make an explicit finding whether Card's depression was a severe impairment and did not explain this finding. It is possible the ALJ had Plaintiff's depression in mind when she wrote that "[t]he claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria the criteria of listing 12.06 or 12.09." It is also possible, however, that the ALJ inadvertently overlooked Card's depression when considering her mental impairments, as it appears she overlooked the amended onset date.

There is ample evidence here that Card's depression could be considered a severe impairment, but the ALJ did not make a clear ruling whether it was a severe impairment or give reasons for her decision. On this record, the Court must remand for the ALJ to revisit this question. *See Stoll-Miner v. Astrue*, 2010 WL 1839296, No. C09-0096, at *12-13 (N.D. Iowa May 6, 2010) (holding remand necessary for the ALJ to fully and fairly develop the record as to whether the claimant's depression is a severe impairment). If the ALJ decides Card's depression is a severe impairment, she should proceed with the sequential evaluation.

There is no need to address Plaintiff's remaining arguments.

## Conclusion

The Court REMANDS this case to the Commissioner for further proceedings consistent with this opinion. By remanding this case, the Court is not expressing any opinion whether Card is, in fact, disabled.

6
Case 4:11-cv-00986-DGK   Document 14   Filed 09/24/12   Page 6 of 7

**IT IS SO ORDERED.**

Date:  September 24, 2012           /s/ Greg Kays
                                    GREG KAYS, JUDGE
                                    UNITED STATES DISTRICT COURT